**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| LUIS ALBERTO VELASQUEZ DE MATA, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:26-CV-05479 |
| § | |
| MARKWAYNE MULLIN, *et al.*, § | |
| § | |
| Respondents. § | |
| § | |

**ORDER**

Before the Court is Petitioner Luis Alberto Velasquez De Mata's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 7). For the following reasons, the Court **GRANTS** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.     BACKGROUND

Petitioner Luis Alberto Velasquez De Mata is a citizen of Mexico who entered the United States without inspection in 2006, approximately twenty years ago. ECF No. 1, Ex. 2 (Removal Order).

On April 2, 2026, Mr. Velasquez De Mata was encountered by Immigration and Customs Enforcement (ICE) officers and taken into custody. ECF No. at ¶ 36. He has been in custody since that date without an individualized bond determination. Respondents position is that Mr. Velasquez De Mata is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

1 / 4

Upon being detained on April 2, 2026, Mr. Velasquez De Mata was charged with having entered the United States without inspection and placed in removal proceedings before an Immigration Judge (IJ). ECF No. 7, Ex. 1 (Notice to Appear). On May 18, 2026, the IJ denied Petitioner's claims for asylum, withholding of removal, and protection under the Convention Against Torture and ordered him removed to Mexico. ECF No. 1, Ex. 2. Petitioner timely appealed this decision, and his appeal is now pending before the Board of Immigration Appeals (BIA). ECF No. 1, Ex. 3. His removal proceedings are thus ongoing. *Id.*

## II.   ANALYSIS

Petitioner argues, among other claims, that his mandatory detention violates his Fifth Amendment right to due process of law. The Court agrees. It therefore declines to address Petitioner's additional claims for relief.

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court addressed a similar set of facts in *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 684 (S.D. Tex. 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Rodriguez*, 823 F. Supp. 3d at 690 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United

States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*. Petitioner has already been detained without any individualized finding that he constitutes a flight risk or a danger to the community for 106 days. "[T]he potentially indefinite nature of [Petitioner's] detention" and the lack of any procedural protections to ensure that this detention serves a constitutionally permissible purpose violates Petitioner's right to due process. *De La Mont Diaz v. Tate*, No. 4:26-CV-02638, 2026 WL 980247, at *2 (S.D. Tex. Apr. 9, 2026) (Ellison, J.).

## III.   REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

Given the severity of this ongoing unconstitutional deprivation of Petitioner's liberty, the Court concludes that immediate release from custody is required. The Court agrees with other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a

person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. If Respondents seek to re-detain Petitioner during the pendency of his removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before July 21, 2026**, informing the Court of the status of Petitioner's release and Respondents' compliance with the requirements outlined above.

**IT IS SO ORDERED.**

Signed at Houston, Texas on June 17, 2026.

Keith P. Ellison
United States District Judge

4 / 4